1  Austin Jackson, Esq. (State Bar No. 312698)
   ajackson@structurelaw.com
2  Jessica Nwasike, Esq. (State Bar No. 343087)
   jnwasike@structurelaw.com
3  STRUCTURE LAW GROUP, LLP
   1801 Century Park E, Suite 475
4  Los Angeles, California  90067
   Telephone: (408) 441-7500
5  Facsimile:  (408) 441-7501

6  Attorneys for Applicant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ALI AL-BALDAWI, | CASE NO. |
|---|---|
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ALI AL-BALDAWI'S NOTICE OF MOTION AND MOTION FOR APPLICATION FOR ORDER PURSUANT TO 28 USC § 1782** |
| v. | |
| RATEMDS, | |
| Defendants. | |

### I.     INTRODUCTION

This is a case of defamation in which Applicant Dr. Ali Al-Baldawi ("Applicant") was the victim of malicious and untrue statements regarding his practice as a family doctor in Ontario, Canada. Unfortunately, Applicant is unable to identify the wrongdoers without judicial intervention because they posted the defamatory statements to the "Dr. Ali Al-Baldawi" RateMD profile page (the "Profile Page") using anonymous accounts. Applicant has worked diligently to identify the wrongdoer, exhausting all avenues to no avail. Now, as a final effort, Applicant is seeking this Court's assistance pursuant to 28 U.S.C. Section 1782(a) to get an order to gather information to identify the users of the accounts that made the defamatory comments on the Profile Page, so that Applicant can properly seek justice.

This Application seeks an order authorizing Applicants to obtain discovery, via a subpoena, of the available contact information, IP addresses, and documents sufficient to identify the IP addresses for the users that commented, rated, or reviewed, the Profile Page from May 2022 to the present.

## II.     STATEMENT OF FACTS

Dr. Ali Al-Baldawi ("Applicant") is a Canadian resident who has practiced medicine since January 2014. *See* Decl. of Dr. Ali Al-Baldawi ("Al-Baldawi Decl.") ¶ 3. On or about March 18, 2021, Applicant pursued his endeavors of independent practice in the area of family medicine by registering as a member of the College of Physicians and Surgeons of Ontario ("CPSO"), a requirement to practice medicine in the province of Ontario, Canada. Al-Baldawi Decl. ¶¶ 4-5. On or about May 29, 2022 Dr. Ali Al-Baldawi ("Applicant") began noticing incredibly negative commentary on his Profile Page attacking not only his ability to practice medicine, but also his character. Al-Baldawi Decl. ¶ 8. Applicant feared that these public statements would harm his reputation in his personal life as well as in the medical field; specifically, his standing as a reputable member of CPSO. Al-Baldawi Decl. ¶¶ 9-10. This fear was actual as evidenced by the May 19, 2022 comment from an anonymous RateMD user claiming that they "wrote a letter to the CPSO" regarding their untrue claims about Applicant's medical practices. Al-Baldawi Decl. ¶ 10.

Applicant, initially hired counsel in Canada in an attempt to bring a claim for defamation against the individuals behind the defamatory comments on the Profile Page. Al-Baldawi Decl. ¶ 12. On July 15, 2022 Applicant's Canadian counsel reached out to RateMD for the necessary information to identify the identity of the users behind the defamatory comments. Al-Baldawi Decl. ¶ 13. RateMD responded that it would be happy to provide the information but would only do so if done through a subpoena or Court order. Al-Baldawi Decl. ¶ 13. Unfortunately, the Canadian Courts do not have enforcement powers over a US company, and thus, Applicant would need to seek judicial intervention of this Court. As such, Applicant's Canadian counsel instructed Applicant to hire California attorneys, who could assist in the process by obtaining an order pursuant to 28 U.S.C. Section 1782(a) to gather documentation that would lead to identifying the users that commented the defamatory statements on the Profile Page. Al-Baldawi Decl. ¶ 14.

Applicant's attorneys located in the United States began working closely with RateMD's attorneys in order to narrow the business records request as to not create an unduly burdensome or oppressive request, as well as to ensure that the requests do not violate any privacy statutes. *See* Decl. of Jessica Nwasike ("Nwasike Decl.") ¶ 3. Specifically, Applicant's attorneys revised the

language of the subpoena and sent RateMD's attorneys updated drafts on several occasions to ensure RateMD was conciliatory to Applicant's request. Nwasike Decl. ¶¶ 4-7. On November 1, 2022, RateMDs attorneys confirmed that it reviewed Applicant's request for production of documents and approved Applicants request for: (1) documents related to the Profile Page; (2) documents related to available contact information for the users that commented, rated, or reviewed the Profile Page; (3) IP addresses related to users that commented, rated, or reviewed the Profile Page from; and (4) documents sufficient to identify the IP addresses related to the persons who rated, reviewed, or commented on the Profile Page. Nwasike Decl. ¶ 7. Additionally, RateMD also was agreeable to the time period for the request; May 2022 to present. Nwasike Decl. ¶ 7. To further evidence that the request is not unduly burdensome or oppressive, RateMD has already provided insight that the documentation Applicant seeks is one pdf. Nwasike Decl. ¶ 5.

Applicant is determined to bring these wrongdoers to justice. Al-Baldawi Decl. ¶¶ 14-16. The defamatory comments made on RateMD are harmful to his reputation, both personally and professionally. Applicant has already expended significant costs in an attempt to identify the wrongdoers in order to rectify the harm that has occurred. Al-Baldawi Decl. ¶¶ 12, 14. As such, it is clear that once Applicant receives the information sought in the proposed subpoena to RateMD, it is simply a matter of when, not if, he will bring an action in the Canadian Courts, and to seek justice to the full extent of the law. Al-Baldawi Decl. ¶ 15-16.

### III. LEGAL AUTHORITY AND ANALYSIS

Pursuant to 28 U.S.C Section 1782, this Court has the authority to grant this Application and enforce the subpoena to RateMD. Pursuant to *Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241, a court first considers whether it is authorized to grant the request, and second, whether it should exercise its discretion to do so.

#### A. The Court has Authority to Grant the Issuance of a Subpoena for the Documents Sought by Petitioner Pursuant to 28 U.S.C. § 1782

This Court has authority to grant this Application pursuant to 28 U.S.C. Section 1782(a). Specifically, "A district court may grant an application pursuant to 28 USC § 1782 where (1) the person from whom the discovery is sought reside or is found in the district of the district court to

which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any "interested person." *Rainsy v. Facebook, Inc.*, 311 F.Supp.3d 1101 (*citing In re Republic of Ecuador*, 2010 WL 3702427, at *2 (N.D. Cal., Sept. 15, 2010); see also 28 USC § 1782(a).

### i. RateMD Resides in The District of This Court.

There is no dispute that RateMD resides in the district of the United States District Court, Northern District of California. Specifically, RateMD's headquarters is located at 2828 Westberry Drive Suite 8 in San Jose, California. As such, this Court is the proper court in which to bring this application.

### ii. The Discovery Sought is For Use in a Foreign Tribunal.

The discovery sought by the Applicants are for use in a proceeding before a Canadian tribunal. Firstly, the "proceeding" for which discovery is sought under § 1782(a) must be within reasonable contemplation, but need not be "pending" or "imminent." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 243, 124 S. Ct. 2466, 2470, 159 L. Ed. 2d 355 (2004).[1] In addition, the party seeking discovery pursuant to 28 U.S.C. Section 1782 must show that the discovery sought is relevant to the claims and defenses in the foreign tribunal. *Rainsy*, 311 F.Supp.3d at 1110. "A party seeking discovery pursuant to § 1782 must show that the discovery sought is relevant to the claims and defenses in the foreign tribunal, and the court should be 'permissive' in interpreting that standard." *Rainsy v. Facebook, Inc.*, 311 F.Supp.3d 1101; see also, *In re Veiga*, 746 F.Supp.2d 8, 18 (D.D.C. 2010) Specifically, the court in *Digital Shape Techs., Inc. v. Glassdoor, Inc.*, 2016 WL 5930275 at 3, stated "[t]he party issuing the subpoena has the burden of demonstrating the relevance of the information sought." Further, according to the court in *Mees*, "an applicant may satisfy the statute's 'for use' requirement even if the discovery she seeks is not necessary for her to succeed in

---

[1] Courts have recognized that the 1964 Amendment to §1782, eliminating the word "pending", was intended to facilitate the gathering of evidence prior to the institution of litigation and indicates that it is not necessary for the proceeding to be pending at the time the evidence is sought. *In re Request for Assistance from Ministry of Legal Affairs of Trinidad and Tobago* (S.D. Fla. 1986) 648 F.Supp. 464, 467, aff'd (11th Cir. 1988) (*citing Smit, Inter-National Litigation Under The United States Code*, 65 Columb.L.Rev. 1015, 1026 (1965)); *see Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 243, 124 S. Ct. 2466, 2470, 159 L. Ed. 2d 355 (2004).

the foreign proceeding." *Mees v. Buiter* (2d Cir. 2015) 793 F.3d 291, 295. In other words, the applicant need only show that the discovery sought is relevant to the claims and defenses in the foreign tribunal.

Here, the proceeding for which the Applicant seeks discovery is within reasonable contemplation. Applicant has made its intention to file a lawsuit apparent by initially hiring Canadian counsel to assist in seeking justice. When Applicant reached a roadblock through Canadian legal channels, he continued in his pursuit of claims against the anonymous users by identifying the method in which to uncover their identities. That is, hiring counsel in the United States and working directly with RateMD to ensure the subpoena request will not be objected to.

Furthermore, the discovery Applicant is seeking is relevant. As it stands, Applicant is unable to identify the identity of the users that commented the defamatory statements on the Profile Page. By obtaining the IP addresses, available contact information and related documents, from RateMD, that correspond to the users who made the defamatory comments, Applicant is able to uncover the true identity of the wrongdoer. Upon discovery of the true identities of the users, Applicant will know who to file his defamation claims against. Without granting application just as this, it would allow individuals all over the world to post defamatory comments on US based companies and never be held accountable for the harm they are causing.

### iii. This Application is Made by Interested Persons.

The Applicant is an interested person. As explained in *Intel Corp,* an interested person is "intended to include not only litigants before foreign or international tribunals but also . . . any other person whether he be designated by foreign law or international convention or merely possess a reasonable interest in obtaining the assistance." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256 (2004) (quoting Smit, *International Litigation Under the United States Code*, 65 Colum.L.Rev. 1015, 1027 (1965).

Applicant intends to be a litigant in a foreign proceeding. As discussed, Applicant has full intention to file his claims against the wrongdoer, upon discovering the identity of such persons. Al-Baldawi Decl. ¶ 14-15. Additionally, Applicant has a reasonable interest in obtaining the assistance of 28 U.S.C. § 1782. Without the assistance of 28 U.S.C. § 1782, Applicant will be left with no other

avenue to identify the wrongdoers and to seek justice. As such, the Applicant is an interested person as required under 28 U.S.C. § 1782(a) and this Court has the authority to grant this Application.

### B. The "Intel Factors" are Met, and This Court should Exercise Its Discretion to Grant This Application.

Even if the Applicant satisfies the requirements of 28 U.S.C. § 1782, as discussed above, this Court retains wide discretion to grant or deny applications such as this. Specifically, this Court may consider (1) whether "the person from whom discovery is sought is a participant in the litigation and thus can obtain the discovery in the foreign tribunal"; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or court or agency abroad to U.S. federal-court jurisdictional assistance"; (3) "whether the U.S.C. Section 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the subpoena contains "unduly intrusive or burdensome requests." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 265.

#### i. The Information sought is Not Within the Foreign Tribunal's Jurisdictional Reach

As discussed in the *Rainsy* case, a foreign tribunal has jurisdiction over those appearing before it and can itself order them to produce evidence. In contrast, nonparticipants in a foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, is unobtainable absent aid from 28 U.S.C. Section 1782. *Rainsy v. Facebook, Inc.*, 311 F.Supp.3d 1101. Just as in *Rainsy*, RateMD will not be a party to the future Canadian proceedings, but rather a source to identify who the Applicant should make its claims against. Therefore, the Applicant needs the assistance of this Court and 28 U.S.C. Section 1782 to obtain the information retained by RateMD.

#### ii. The Nature of the Foreign Tribunal is Such That Would Allow this Court to Grant this Application.

The Canadian case that Applicant intends to bring, is the exact type of case that requires the assistance of 28 U.S.C. Section 1782. Pursuant to *Intel*, "a court presented with a § 1782(a) request may take into account the nature of the foreign tribunal, the character of the proceedings underway

abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court judicial assistance. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264.

This case can be distinguished from *Rainsy, Intel, and Norex*. First, in *Rainsy*, there was no discussion as to the nature of the foreign tribunal, but rather Facebook argues that granting the application would implicate a comity. Here, the evidence sought will not implicate a comity as it will be used for the sole purpose of identifying the wrongdoers. In *Intel*, there was dispute before the European Commission, which stated in its *amicus curiae* brief that it did not need or want the District Court's assistance. Here, there is no such position, in fact Applicant's Canadian counsel advised Applicant that this was the only vehicle by which to obtain the necessary information, and there is no such comment from the Canadian Court that it does not need or want this Court's assistance as the European Commission did in *Intel*. Lastly, in *Norex Petroleum Ltd. V. Chubb Ins. Co. of Canada*, 384 F.Supp.2d 45, the court stated, "the Court notes that it appears the Canadian litigation may not even be at the stage in which discovery would be appropriate." Here, it would be impossible, without the assistance of this Court pursuant to U.S.C. Section 1782, for the Applicant to be able to get the necessary information to identify the wrongdoers and bring them to justice. As discussed above, Applicant has taken every step and exhausted all possible mechanisms in Canada to uncover this information and is left with no other option but to seek the assistance of this Court.

In *Medical Incorporated Association Smile Create*, the court considered the receptivity of the foreign government to US judicial assistance and explained that discovery requests should be denied where there is authoritative proof that a foreign tribunal would reject evidence obtained with the aid of Section 1782(a). *Medical Incorporated Association Smile Create* (N.D. Cal. 2021) 547 F.Supp.3d 894, 898; *see also Nikon Corporation v. ASML US Incorporated (D. Ariz., Sept. 12, 2017, No. MC-17-00035-PHX-JJT) 2017 WL 4024645, at *3* ("When the parties do not produce evidence showing that a foreign court would reject evidence obtained under Section 1782, courts tend to allow discovery.") Here, there is no evidence that the Canadian courts would object to Applicant's discovery of the information sought in the subpoena. Moreover, Applicant's Canadian counsel, who is knowledgeable of the rules and laws in Canada, instructed Applicant to hire California attorneys who could petition this Court to grant an order pursuant to 28 U.S.C. Section 1782(a) to gather

1  documentation from RateMD, via subpoena, that would lead to identifying the users that commented
2  the defamatory statements on the Profile Page. Further to this point, the information sought would
3  not necessarily be used as evidence in the case against the unidentified wrongdoers, but rather would
4  be used to identify them to initiate the lawsuit.

### iii. This Application is Not to Circumvent Foreign Proof-Gathering

This Application is not an attempt to circumvent foreign proof-gathering procedures, but rather following the instructions provided to him from Canadian counsel and RateMD itself. According to *Intel*, a district court could consider whether the 29 U.S.C. Section 1782(a) request is a concealed attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264. In *Norex*, the court stated, "[t]he Court is wary of granting discovery under § 1782 when is appears that the party seeking discovery may be using the United States statutes and federal court system to 'jump the gun' on discovery in the underlying foreign suit" *Norex Petroleum Ltd. V. Chubb Ins. Co. of Canada,* 384 F.Supp.2d 45, 54. Courts have found that when there is no authoritative proof to suggest that the Applicant is attempting to circumvent foreign proof-gathering restrictions", then the Court should grant the assistance offered by § 1782(a). *Medical Incorporated Association Smile Create*, 547 F.Supp.3d 894, 899 (N.D. Cal. 2021).

In this case, Applicant is not "jumping the gun" nor attempting to circumvent Canadian proof gathering. Here, Applicant is seeking the IP addresses of the wrongdoers so as to be able to identify them, and ultimately initiate litigation against them to bring them to justice. This information could not be gathered through the Canadian courts as discussed above.

### iv. The Information This Application Seeks is Not Unduly Intrusive or Burdensome.

The discovery this Application seeks is not unduly intrusive or burdensome. The final *Intel* factor that the court may consider is whether the discovery sought is "unduly intrusive or burdensome." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264.

Here, the Applicant has worked closely with RateMD to narrowly tailor the request as much as possible to avoid the likelihood of objections. Specifically, Applicant tailored the request window

1  to begin in May 2022, when the first defamatory comment appeared on Applicant's RateMD page. Also, Applicant only requested such relevant information to discover the identity of the users that made defamatory comments. Applicant provided this request to RateMD, to which they approved of the nature and wording of the request, on more than one occasion.

This case can be distinguished from the *Rainsy* case where the court held that some of the categories of documents sought were overly broad and unduly burdensome. The court held that, in general, the fact that there were no time periods limiting the document request rendered the entire Application as overbroad. The court further held that the request was unduly burdensome because the Applicants' request would require Facebook to read all of the communications to determine which communications would fall under the categories of documents requested. In contrast, here Applicant has set a definite timeline for the documents he is requesting. Specifically, May 2022 to present. Furthermore, the subpoena request is not unduly burdensome because the request is so narrowly tailored that RateMD would only need to consider the IP addresses related to the comments left on the "Dr. Ali Al-Baldawi" profile page. RateMD has even mentioned that the response to the request would likely be one pdf page of information.

Lastly, there is no concern of releasing private or confidential information. Rule 45 of the Federal Rules of Civil Procedure provides that "[i]f the subpoena commands the production of documents, electronically stored information… then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party." Fed. R. Civ. P. 45(a)(4). However, here, the Applicant is only seeking the IP addresses where the comments came from. As Applicant understands, this will not produce any personal or confidential information because it will only identify the IP addresses.

In other words, when the wrongdoers posted the defamatory comments on RateMD's website, RateMD can tell where the post came from based on the IP address. However, this does not provide the owner of the IP addresses personal information, but rather just the IP addresses. Using the IP address from the website, Applicant can then go to the Canadian internet provider and ask for the identity of the owner of the IP addresses. As such, and in the case here, the initial request for the IP addresses will not result in the disclosure of any private or confidential information.

In short, Applicant is seeking the IP addresses, which does not contain any privileged or confidential information, for the Applicant to then use in his Canadian lawsuit to uncover the identity of the owners of the IP addresses by requesting such information from the Canadian internet provider.

### IV.     CONCLUSION

Based on the foregoing, the Applicants request that this Court grant this Application and order that Applicants are authorized to issue a subpoena to RateMD seeking the following:

1. Any and all DOCUMENTS RELATED to the RATEMDS.COM ACCOUNT from May 1, 2022, through the date of responding to this request.

2. Any and all DOCUMENTS RELATED to available contact information for the USERS that commented, rated, or reviewed the RATEMDS.COM ACCOUNT from May 1, 2022 through the date of responding to this request.

3. Any and all IP ADDRESSES RELATED to USERS that commented, rated, or reviewed the RATEMDS.COM ACCOUNT from May 1, 2022 through the date of responding to this request.

4. Any and all DOCUMENTS sufficient to IDENTIFY the IP ADDRESSES RELATED to the PERSONS who rated, reviewed, or commented on the RATEMDS.COM ACCOUNT from May 1, 2022 through the date of responding to this request.

Date:  December 6, 2022                    STRUCTURE LAW GROUP, LLP

                                           By:    /s/Austin Jackson
                                                  Austin Jackson, Esq.
                                                  Jessica Nwasike, Esq.
                                                  Attorneys for Ali Al-Baldawi

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ALI AL-BALDAWI'S NOTICE OF MOTION AND MOTION FOR APPLICATION FOR ORDER PURSUANT TO 28 USC § 1782