1

2

3

4

5

6

7

8

9

10

11

United States District Court
Northern District of California

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE EX PARTE APPLICATION OF ALI AL-BALDAWI, <br><br> Applicant. | Case No.   5:22-mc-80329-EJD <br><br> **ORDER GRANTING EX PARTE APPLICATION** <br><br> Re: ECF No. 5 |

Before the Court is Dr. Ali Al-Baldawi's ("Applicant") ex parte application for an order authorizing a subpoena against RateMDs Inc. ("RateMDs") under 28 U.S.C. § 1782(a).  Ex Parte Appl. of Ali Al-Baldawi ("Appl."), ECF No. 5.  For the reasons discussed below, the Court GRANTS the ex parte application.

## I.       BACKGROUND

Applicant is a Canadian doctor who has been practicing since January 2014.  Decl. of Ali Al-Baldawi ("Al-Baldawi Decl.") ¶¶ 2-3, ECF No. 5-1.  In December 2021, he opened his own family medicine practice in Ontario, Canada.  *Id.* ¶¶ 3-4.  According to Applicant, in late May 2022, he noticed negative and allegedly false reviews about his practice on the RateMDs website. *Id.* ¶ 8.  In response, Applicant decided to file suit against the individuals who wrote those negative reviews, and he retained Canadian counsel to assist.  *Id.* ¶¶ 11-12.  His Canadian counsel contacted RateMDs to determine the identities of the users who posted negative reviews, but RateMDs would not provide the requested information without a subpoena.  *Id.* ¶ 13.  Applicant then retained California counsel, and this application followed.  *Id.* ¶ 14.  Applicant represents that, upon learning the identities of the users who posted the allegedly false reviews, he will file suit against them in Canadian court for defamation.  *Id.* ¶¶ 15-16; Appl. at 4.

United States District Court
Northern District of California

## II.      LEGAL STANDARD

Section 1782(a) provides federal court assistance in gathering evidence for use in foreign proceedings. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The statute specifically authorizes a district court to order a person residing or found within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." 28 U.S.C. § 1782(a). The statute requires that: (1) the discovery sought is from a person who "resides or is found" in this district; (2) the discovery is for "use in a proceeding in a foreign or international tribunal"; and (3) the applicant is a foreign or international tribunal or an "interested person." *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. § 1782(a)).

Even where the statutory requirements are met, a district court retains discretion in determining whether to grant an application under Section 1782(a) and "may impose conditions it deems desirable." *Intel*, 542 U.S. at 260-61 (citation omitted). In *Intel*, the Supreme Court created a non-exhaustive list of factors to consider in ruling on a Section 1782(a) request. *Id.* at 264-65. These considerations include: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding"; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.*

## III.      DISCUSSION

### A.      Statutory Factors

The Court finds that Applicant meets the statutory requirements of Section 1782(a).

First, the target of the requested subpoena "resides or is found" in this district. A business is "found" where it is incorporated or headquartered. *Illumina Cambridge Ltd. v. Complete*

Case No.: 5:22-mc-80329-EJD
ORDER GRANTING EX PARTE APPLICATION
2

United States District Court
Northern District of California

1  *Genomics, Inc.*, No. 19-mc-80215-WHO (TSH), 2020 WL 820327, at *3 (N.D. Cal. Feb. 19,

2  2020), *aff'd*, 2020 WL 1694353 (N.D. Cal. Apr. 7, 2020).  The application represents that

3  RateMDs is headquartered at 2828 Westberry Drive, Suite 8, San Jose, California.  Appl. at 4.

4  However, Applicant did not accompany that representation with a competent declaration, as

5  required by Civil Local Rule 7-5, and records from the California Secretary of State indicate that

6  RateMDs's principal place of business is 30800 Telegraph Road, Suite 1921, Bingham Farms,

7  Michigan.[1]  Nonetheless, the first statutory requirement is satisfied because the same records show

8  that RateMDs is incorporated as a California entity.

9          Second, Applicant has shown that he seeks discovery for use in a proceeding before a

10  foreign or international tribunal.  Although no proceedings have yet been initiated, it is appropriate

11  to make a Section 1782(a) request when such proceedings are "likely to occur" or are "within

12  reasonable contemplation."  *Intel*, 542 U.S. at 258-59.  Applicant has represented that he intends

13  to file suit in Canada once he determines the identities of the individuals who posted allegedly

14  defamatory comments.  Al-Baldawi Decl. ¶¶ 15-16; Appl. at 4.  That representation is reinforced

15  by the fact that Applicant resides in and practices medicine in Canada, and because he has already

16  retained Canadian counsel.  Al-Baldawi Decl. ¶¶ 2-3, 12.  Accordingly, the Court credits

17  Applicant's representation and finds that he has satisfied the second statutory requirement.  *See In*

18  *re Todo*, No. 5:22-mc-80248-EJD, 2022 WL 4775893, at *2 (N.D. Cal. Sept. 30, 2022).

19          Finally, Applicant will be an active litigant in his contemplated Canadian proceedings, so

20  he has satisfied the third statutory requirement.  *See Intel*, 542 U.S. at 256-57.

21      **B.**     ***Intel* Factors**

22          The *Intel* discretionary factors also weigh in favor of granting the ex parte application,

23  albeit with some modifications to Applicant's proposed subpoena.

24          The first factor—whether the target of discovery is or will be a participant in the foreign

25  _____

26  [1] *See* Business Search, Cal. Secretary of State, https://bizfileonline.sos.ca.gov/search/business (search
   for "RateMDs Inc." or file no. 3022456) (last visited May 23, 2023); *Ishiyama v. Google LLC*, No. 22-

27  mc-80192-EJD, 2022 WL 17970190, at *2 n.1 (N.D. Cal. Dec. 27, 2022) (a court may *sua sponte* take
   judicial notice of agency records to address the "resides or found in" requirement of Section 1782(a)).

28  Case No.: 5:22-mc-80329-EJD
    ORDER GRANTING EX PARTE APPLICATION
                                                    3

1    proceeding—weighs in favor of granting the request.  The relevant inquiry for this factor is

2    "whether the foreign tribunal has the authority to order an entity to produce the . . . evidence."  *In*

3    *re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1039 (N.D. Cal. 2016); *see also In re Varian Med. Sys.*

4    *Int'l AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) ("[T]he first

5    *Intel* factor militates against allowing § 1782 discovery when the petitioner effectively seeks

6    discovery from a participant in the foreign tribunal even though it is seeking discovery from a

7    related, but technically distinct entity.") (internal quotation marks and citation omitted).  Here,

8    Applicant represents that he intends to file suit against the individuals who posted negative

9    reviews, not RateMDs.  Al-Baldawi Decl. ¶¶ 15-16.  And because RateMDs is a U.S. corporation,

10   a Canadian court would not have jurisdiction over RateMDs.  *Id.* ¶ 13.  The Court therefore finds

11   that this factor weighs in favor of granting the ex parte application.

12        The second factor also weighs in favor of a grant.  Courts considering the receptivity of the

13   foreign court "focus[] on whether the foreign tribunal is willing to consider the information

14   sought."  *In re Varian*, 2016 WL 1161568, at *4.  Here, Canadian courts have said they "generally

15   will be reluctant to prevent someone from gathering evidence extraterritorially, as its ultimate

16   admissibility in a Canadian proceeding will be determined by the Canadian courts."  *Vitapharm*

17   *Canada Ltd. v. F. Hoffmann-La Roche Ltd.*, [2001] O.J. No. 237, para. 45 (Can. Ont. S.C.J.) (QL).

18   This is sufficient to assure the Court that Canadian courts will be receptive to U.S. discovery.  For

19   the same reason, the third factor—whether the Section 1782(a) application conceals an attempt to

20   circumvent foreign proof-gathering restrictions—also weighs in favor of a grant.

21        Finally, the Court must consider whether Applicant's proposed subpoena is unduly

22   intrusive or burdensome.  A request for documents is unduly intrusive or burdensome if it is "not

23   narrowly tailored, request[s] confidential information and appear[s] to be a 'broad fishing

24   expedition for irrelevant information.'"  *In re Planning & Dev. of Educ., Inc.*, No. 21-mc-80242-

25   JCS, 2022 WL 228307, at *5 (N.D. Cal. Jan. 26, 2022) (quoting *In re Qualcomm*, 162 F. Supp. 3d

26   at 1043).  If the Court determines that a request is unduly intrusive or burdensome, it may "reject[]

27   or trim[]" those requests.   *Intel*, 542 U.S. at 265.

28   Case No.: 5:22-mc-80329-EJD
     ORDER GRANTING EX PARTE APPLICATION

*United States District Court*
*Northern District of California*

Applicant's proposed subpoena seeks the following categories of documents:

1. Any and all DOCUMENTS RELATED to the RATEMDS.COM ACCOUNT [defined as Applicant's RateMDs profile] from May 1, 2022, through the date of responding to this request.

2. Any and all DOCUMENTS RELATED to available contact information for the USERS that commented, rated, or reviewed, present and removed, the RATEMDS.COM ACCOUNT from May 1, 2022 through the date of responding to this request.

3. Any and all IP ADDRESSES RELATED to USERS that commented, rated, or reviewed the RATEMDS.COM ACCOUNT from May 1, 2022 through the date of responding to this request.

4. Any and all DOCUMENTS sufficient to IDENTIFY the IP ADDRESSES RELATED to the PERSONS who rated, reviewed, or commented, present and removed on the RATEMDS.COM ACCOUNT from May 1, 2022 through the date of responding to this request.

Proposed Order, Ex. A, ECF No. 5-3.  Generally speaking, courts in this district have found that it is not unduly intrusive or burdensome for applicants to seek discovery of personally identifying information for purposes of filing suit against anonymous individuals in foreign courts.  *E.g.*, *In re Todo*, 2022 WL 4775893, at *1, 3.  In this case, though, the Court finds that the requests are unduly burdensome or intrusive in two respects.  First, the request for all documents related to Applicant's RateMDs profile is not narrowly tailored because it sweeps in documents that are wholly unrelated to Applicant's stated purpose for this application:  to uncover the identities of certain reviewers so that he can file suit in Canada.  Second, the remaining requests seek documents about all users who ever reviewed Applicant on RateMDs from May 1, 2022 through present.  These requests would also include identifying information of users who posted positive reviews and therefore did not allegedly defame Applicant.  Providing the information of those users to Applicant would be an unjustified intrusion of their privacy.

Thus, the Court exercises its discretion to reject or trim requests in Applicant's proposed subpoena.  It rejects the first request for all documents relating to Applicant's RateMDs profile, so Applicant must remove that request from the proposed subpoena.  And it trims the remaining requests by requiring Applicant to limit his requests to those users who allegedly defamed him.

United States District Court
Northern District of California

1 Otherwise, the Court finds that the fourth *Intel* factor favors a grant of the application.

2 **IV.     CONCLUSION**

3      For the reasons above, the Court GRANTS the Section 1782(a) application, subject to the

4 following conditions:

5     1.   Applicant shall remove his request for all documents related to his RateMDs profile

6        from his subpoena (Request 1).

7     2.   Applicant shall revise the remaining requests in his subpoena to request information

8        regarding only users who he alleges posted defamatory reviews (Requests 2-4).

9     3.   At the time of service of the subpoena, Applicant must also serve a copy of this Order

10        on RateMDs.

11     4.   No later than 10 days after the service of the subpoena, RateMDs shall notify all

12        account users whose personal identifying information is sought by Applicant and also

13        provide a copy of this Order and the subpoena to each such user.

14     5.   Within 21 days from the date of notice, RateMDs and/or any account user whose

15        identifying information is sought may file a motion in this Court contesting the

16        subpoena (including a motion to quash or modify the subpoena).

17     6.   If any party contests the subpoena, RateMDs shall preserve, but not disclose, the

18        information sought by the subpoena pending resolution of that contest.  Otherwise,

19        RateMDs shall disclose the requested information to Applicant once the deadline for

20        contesting the subpoena has passed.

21     7.   Any information Applicant obtains pursuant to the subpoena may be used only for

22        purposes of the anticipated action in Canada, and Applicant may not release such

23        information or use it for any other purpose absent a Court order.

24     **IT IS SO ORDERED.**

25 Dated: May 23, 2023

26

27 EDWARD J. DAVILA
    United States District Judge

28

*United States District Court*
*Northern District of California*